IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THE PROVIDENCE GROUP OF
GEORGIA, LLC,

    Plaintiff,

v.

WESCO INSURANCE COMPANY,

    Defendant.

CIVIL ACTION FILE
NO.: 1:23-cv-02336-TWT

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

### I.    INTRODUCTION

This lawsuit attempts to assert claims concerning an insurance coverage dispute. Plaintiff The Providence Group of Georgia, LLC ("TPG") seeks defense coverage from Defendant Wesco Insurance Company ("Wesco") in connection with underlying litigation seeking recovery for property damage caused by altered water runoff from an upslope property TPG developed. Wesco has no duty to defend TPG in that underlying litigation because the Eleventh Circuit and this Court have consistently held for more than twenty years that such water runoff is a "pollutant" under Georgia law and that pollution exclusions such as that contained in the subject policy bar coverage for any resulting "property damage." Thus, TPG cannot state a claim against Wesco here because the subject policy's pollution exclusion bars

defense coverage for the underlying lawsuit as a matter of law. Therefore, pursuant to Federal Rule of Civil Procedure 12(b)(6), this lawsuit should be dismissed.

## II.     ALLEGED FACTS AND PROCEDURAL HISTORY

While Wesco does not agree with all of the facts set forth in TPG's Complaint, Wesco recognizes that they are accepted as true for the purposes of this motion. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). Additionally, the Court can consider any documents referenced in TPG's complaint central to its claims as well as documents in the public record. *See Fuller v. SunTrust Banks, Inc.*, 744 F.3d 685, 696 (11th Cir. 2014); *Serpentfoot v. Rome City Comm'n*, 322 Fed. Appx. 801, 807 (11th Cir. 2009). Viewed in that light, TPG's allegations are as follows:

### A.     *TPG, the Townhome Property, Dunwoody Pines, And The Underlying Lawsuit.*

TPG was the developer and builder for a townhome development called Dunwoody Township located at 4001 Dunwoody Trace, Dunwoody, Georgia 30338 (the "Townhome Property"). (Doc. 1 ¶ 5; Doc. 1-2 ¶¶ 8, 10.) TPG began work on the Townhome Property in or about 2016. (Doc. 1 ¶ 5; Doc. 1-2 ¶ 13.) The Townhome Property is adjacent to the Georgetown Plaza shopping center located at 4478 Chamblee Dunwoody Road, Dunwoody, Georgia 30338, and both properties are upslope of the Dunwoody Pines Retirement Community located at 4355

Georgetown Square, Dunwoody, Georgia 30338 ("Dunwoody Pines"). (Doc. 1-2 ¶¶ 1, 11-12.)

On February 24, 2020, Dunwoody Pines' owner, Atlanta Georgetown Retirement Residence, LLC, filed suit against TPG, the Townhome Property's homeowners association, and Georgetown Plaza's owner in the Superior Court of DeKalb County, Georgia in a lawsuit styled *Atlanta Georgetown Retirement Residence, LLC v. Dunwoody Township Homeowners Association, Inc., et al.*¸ Civil Action No. 20CV2594 (the "Underlying Lawsuit"). (Doc. 1 ¶ 5; Doc. 1-2.) The Underlying Lawsuit alleges that TPG's construction of the Townhome Property caused "the natural flow of storm water from the Townhome Property and [Georgetown Plaza] [to] be[] redirected and concentrated onto [Dunwoody Pines]." (Doc. 1-2 ¶ 14.) Specifically, the Underlying Lawsuit alleges that "[d]uring and after rain events, the redirected water flows down a small passageway at the rear of the [Townhome Property] and onto [Dunwoody Pines]." (*Id.* at ¶ 15.) The Underlying Lawsuit also alleges that the redirected and altered water flow caused "the related slope" between the Townhome Property and Dunwoody Pines to "deteriorat[e] and encroach[] onto [Dunwoody Pines]" as well as "flooding onto [Dunwoody Pines]." (*Id.* at ¶ 16, 20.) The Underlying Lawsuit asserts claims for trespass, aiding and abetting trespass, ejectment, nuisance, punitive damages, and attorney's fees. (*Id.* at

¶¶ 22-41.)

**B.     The Policy.**

Wesco issued policy number WPP1131740 02 to TPG for the January 1, 2016 to January 1, 2017 policy period (the "Policy"). (Doc. 1 ¶ 4; Ex. A, Policy.) The Policy has limits of $3,000,000 per "occurrence," $3,000,000 general aggregate limit. (Ex. A at WESCO 7.) The Policy contains a commercial general liability coverage part subject to a Commercial General Liability Coverage Form (CG 00 01 04 13). (*Id.* at WESCO 28-43.) The Policy's insuring agreement for Coverage A – Bodily Injury and Property Damage provides, in pertinent part, as follows:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.
>
> * * * *

(*Id*. at WESCO 28.)

As amended by endorsement, the Policy's Total Pollution Exclusion provides, in pertinent part, as follows:

> This insurance does not apply to:
>
> **f.  Pollution**

> (1) "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.
>
> * * * *

(*Id.* at WESCO 26, 73.) The Policy defines "pollutants," in pertinent part, as "any solid [or] liquid . . . irritant or contaminant." (*Id* at WESCO 26, 42.)

### C.   The Tender, The Denial, And This Lawsuit.

TPG tendered its defense in the Underlying Lawsuit to Wesco under the Policy. (Doc. 1 ¶ 6.) On August 10, 2021, Wesco denied defense and indemnity coverage to TPG for the Underlying Lawsuit. (*Id.*) On May 25, 2023, TPG filed this lawsuit, asserting claims for declaratory judgment and breach of contract based on its allegation that Wesco has a duty to defend in the Underlying Lawsuit. (*Id.* at ¶¶ 8-14.) Wesco now moves to dismiss this lawsuit on the grounds that TPG has failed to state a claim upon which relief can be granted based on the application of the Total Pollution Exclusion.[1]

---

[1] By filing this motion, Wesco does not waive any other defenses not raised herein and reserves the right to assert additional defenses in response to this lawsuit, if necessary.

### III. ARGUMENT AND CITATION TO AUTHORITY

#### A. *The Motion to Dismiss Standard.*

In a motion to dismiss pursuant to Rule 12(b)(6), the Court must "take the factual allegations in the complaint as true . . . ." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). Reasonable inferences are made in a claimant's favor, but "unwarranted deductions of fact in a complaint are not admitted as true." *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds*, *Mohamad v. Palestinian Auth.*, 566 U.S. 449, 132 S.Ct. 1702 (2012). Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. *See id.* (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 680-82, 129 S.Ct. 1937, 1951 (2009)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965-66). This requires more than the "mere possibility the defendant acted unlawfully." *Sinaltrainal*, 578 F.3d at 1261. "The well-pled

allegations must nudge the claim 'across the line from conceivable to plausible.'" *Id.* (*quoting Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). Thus, the standard for asserting claims "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (*quoting Twombly*, 550 U.S. at 555, 127 S.Ct at 1974). Here, TPG fails to allege any facts which could support its claims against Wesco. Therefore, this lawsuit should be dismissed.

**B.     If Wesco Has No Duty To Defend, Then It Has No Duty To Indemnify.**

Under Georgia law, "an insurer's duty to defend turns on the language of the insurance contract and the allegations of the complaint asserted against the insured." *Centro Dev. Corp. v. Cent. Mut. Ins. Co.*, No. 1:16-CV-04037-RWS, 2017 U.S. Dist. LEXIS 151622, at*5-6 (N.D. Ga. June 10, 2017) (*quoting Nat'l Cas. Co. v. Pickens*, 582 F. App'x 839, 841 (11th Cir. 2014)). The duty to defend only arises when the underlying lawsuit alleges liability potentially within the policy's coverage. *Md. Cas. Co. v. Salon Ave. Suite 2*, No. 1:13-CV-3056-TWT, 2014 U.S. Dist. LEXIS 137914, at*9 (N.D. Ga. Sept. 29, 2014) (Thrash, J.). If the underlying allegations "are expressly excluded under the policy," then the insurer has no duty to defend or indemnify the insured. *Centro Dev. Corp.*, 2017 U.S. Dist. LEXIS 151622 at*6 (*citing JLM Enters. v. Houston Gen. Ins. Co.*, 196 F. Supp. 2d 1299 (S.D. Ga. 2002)); *Salon Ave. Suite 2*, 2014 U.S. Dist. LEXIS 137914, at*8 ("As a general matter, if

there is no duty to defend, there is no duty to indemnify.")

"In determining whether events giving rise to underlying litigation are expressly excluded under an insurance policy, the Court first looks to the text of the policy itself." *Centro Dev. Corp.*, 2017 U.S. Dist. LEXIS 151622 at*6 (*citing Payne v. Twiggs Cty. Sch. Dist.*, 496 S.E.2d 690, 691-92 (Ga. 1998)). Where an exclusion governs the alleged factual scenario presented by the underlying lawsuit, "the court's job is simply to apply the terms of the contract as written, regardless of whether doing so benefits the carrier or the insured." *Id.* (*quoting Reed v. Auto-Owners Ins. Co.*, 667 S.E.2d 90, 92 (Ga. 2008)). Where, as here, an insurer asserts the application of a pollution exclusion, "the pollutant at issue need not be explicitly named in the policy for the exclusion to apply. *Centro Dev. Corp. v. Cent. Mut. Ins. Co.*, 720 Fed. Appx. 1004, 1004 (11th Cir. 2018), *aff'g*, 2017 U.S. Dist. LEXIS 151622 (*citing Ga. Farm Bureau Mut. Ins. Co. v. Smith*, 784 S.E.2d 422, 425 (Ga. 2016)).

As set forth below, Wesco has no duty to defend or indemnify TPG in the Underlying Lawsuit because its allegations relating to water runoff show that the Total Pollution Exclusion applies. Therefore, this lawsuit should be dismissed.

C.     **The Total Pollution Exclusion Bars Coverage.**

TPG cannot state a claim against Wesco because the Total Pollution Exclusion applies to all of the claims in the Underlying Lawsuit since they are based on the

change in waterflow from the Townhome Property onto Dunwoody Pines. (Doc. 1-2 ¶¶ 22-41.) The Total Pollution Exclusion bars coverage for "'property damage' which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time." (Ex. A at WESCO 26, 73.) This language is absolute and bars coverage for all liabilities arising out of or caused in whole or in part by "pollutants." *N. Ga. Petroleum Co. v. Federated Mut. Ins. Co.*, 68 F. Supp. 2d 1321, 1326 (ND. Ga. 1999) (applying language to bar all coverage for all claims arising out of petroleum leaking from underground storage tanks).

The Policy defines "pollutants", in pertinent part, as "any solid [or] liquid, . . . irritant or contaminant." (Ex. A WESCO 26, 42.) Under Georgia law, this and similar definitions of "pollutants" are not limited to traditional environmental pollution and, instead, include any irritant or contaminant. *Centro Dev. Corp.*, 720 Fed. Appx. at 1005; *Owners Ins. Co. v. Lake Hills*, 57 Fed. Appx. 415 (11th Cir. 2002);[2] *Smith*, 784 S.E.2d at 425-26; *Reed*, 667 S.E.2d at 91-92. In this context, the Eleventh Circuit has defined "irritant" "as anything that annoys" and "contaminant" "as something that makes impure or unsuitable by contact or mixture with something unclean, bad, etc." *Lake Hills*, 57 Fed. Appx. 415; *Essex Ins. Co. v. H & H Land*

---

[2] For the Court's convenience, a copy of *Lake Hills* is attached as Exhibit "B."

*Dev. Corp.*, 525 F. Supp. 2d 1344, 1353 (M.D. Ga. 2007) ("The *Lake Hills* opinion is especially persuasive.").

Based on those definitions of "irritant" and "contaminant," the Eleventh Circuit and this Court have consistently held for more than twenty years that "pollutants" include substances such as silt, sediment, and storm water runoff. *Centro Dev. Corp.*, 720 Fed. Appx. at 1005 (*citing Lake Hills*, 57 Fed. Appx. 415). Thus, pollution exclusions that incorporate a definition of "pollutants" similar to that at issue here routinely bar defense and indemnity coverage for underlying claims alleging "property damage" caused by such runoff. *See id.*; *Century Cmtys. of Ga. v. Selective Way Ins. Co.*, No. 1:18-CV-5267-ODE, 2019 U.S. Dist. LEXIS 224489, at *16-19 (N.D. Ga. Oct. 24, 2019) (pollution exclusion applied to underlying claims concerning storm water runoff from construction of chicken farm (*citing Centro Dev. Corp.*, 2017 U.S. Dist. LEXIS 151622; *Travelers Indem. Co. v. Douglasville Dev., LLC*, No. 1:07-CV-0410-JOF, 2008 U.S. Dist. LEXIS 71956 (N.D. Ga. Sept. 19, 2008); *Owners Ins. Co. v. Chadd's Lake Homeowners Ass'n., Inc.*, No. 1:05-CV-0475-JOF, 2006 U.S. Dist. LEXIS 40859 (N.D. Ga. May 30, 2006))); *Owners Ins. Co. v. Chadd's Lake Homeowners Ass'n., Inc.*, No. 1:03-cv-2050-WSD, 2004 U.S. Dist. LEXIS 30675 (N.D. Ga. Dec. 28, 2004).

For instance, in the *Chadd's Lake* decisions, this Court held that a pollution exclusion applied to an underlying lawsuit alleging that silt, sediment, and storm water runoff from the construction of a new home damaged adjacent property. 2006 U.S. Dist. LEXIS 40859, at*2-5, 13-14; 2004 U.S. Dist. LEXIS 30675, at*13-22. Likewise, in, *Douglasville Dev.*, this Court held that a pollution exclusion applied to an underlying lawsuit alleging that the increase in velocity and volume of water carrying silt and sediment from a land development caused flooding and erosion damage. 2008 U.S. Dist. LEXIS 71956, at*20-29. Similarly, in *Centro Dev. Corp.*, the Eleventh Circuit affirmed this Court's grant of an insurer's motion to dismiss based on the application of a pollution exclusion to underlying allegations that the construction of a housing development "caused storm water runoff, silt, and mud deposits to wash onto [the claimant's] property . . . ." 720 Fed. Appx. 1004, *aff'g*, 2017 U.S. Dist. LEXIS 151622, at*10-11.

Here, the Underlying Lawsuit alleges that TPG's construction of the Townhome Property redirected and altered the flow of water onto Dunwoody Pines, causing flooding and the deterioration and encroachment of "the related slope." (Doc. 1-2 ¶¶ 16, 20.) Under Georgia law, such silt, sediment, and water runoff are "pollutants" under the definition of that term at issue here, as they constitute "irritants" and/or "contaminants." *Centro Dev. Corp.*, 720 Fed. Appx. at 1005 (*citing*

*Lake Hills*, 57 Fed. Appx. 415). Further, as recognized by the Eleventh Circuit and this Court on numerous occasions in the past twenty-two years, pollution exclusions similar to that contained in the Policy bar coverage for underlying claims of "property damage" caused by such runoff resulting from construction and development activities that alter the flow of water onto adjoining property. *Id.; Century Cmtys. of Ga.*, 2019 U.S. Dist. LEXIS 224489 at*16-19 (citing cases discussed *supra*). Thus, because the claims in the Underlying Lawsuit would not exist absent the alleged water runoff from the Townhome Property, the Total Pollution Exclusion bars coverage for all claims in the Underlying Lawsuit. *See N. Ga. Petroleum Co.*, 68 F. Supp. 2d at 1326.

Accordingly, the Policy does not provide coverage for TPG in the Underlying Lawsuit because it seeks damages for "property damage" caused by altered water runoff, which is a "pollutant." Therefore, this lawsuit should be dismissed because TPG cannot state a claim against Wesco for defense coverage for the Underlying Lawsuit.

### IV.   CONCLUSION

TPG fails to state a claim against Wesco. The Total Pollution Exclusion bars defense coverage for the Underlying Lawsuit because the Underlying Lawsuit alleges "property damage" caused by altered water runoff from the Townhome

Property TPG built. Accordingly, there are no circumstances under which Wesco would have a duty to defend TPG in the Underlying Lawsuit. Therefore, this lawsuit should be dismissed.

Respectfully submitted this 21st day of July, 2023.

| | |
|---|---|
| LEWIS BRISBOIS BISGAARD<br>  & SMITH LLP<br>600 PEACHTREE STREET, N.E.<br>Suite 4700<br>Atlanta, Georgia 30308<br>T: (404)348-8585<br>F: (404)467-8845<br>seth.friedman@lewisbrisbois.com<br>christopher.meeks@lewisbrisbois.com | */s/ Christopher C. Meeks*<br>Christopher C. Meeks<br>Georgia Bar No. 371020<br>Seth M. Friedman<br>Georgia Bar No. 141501<br><br>*Attorneys for Defendant Wesco Insurance Company* |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE PROVIDENCE GROUP OF GEORGIA, LLC,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>WESCO INSURANCE COMPANY,<br><br>　　　Defendant. | CIVIL ACTION FILE<br>NO.: 1:23-cv-02336-TWT |

## **CERTIFICATE OF COMPLIANCE**

Counsel certifies that this filing is prepared with Times New Roman 14-point font in compliance with Local Rule 5.1.

This 21st day of July, 2023.

| | |
|---|---|
| LEWIS BRISBOIS BISGAARD<br>　& SMITH LLP<br>600 PEACHTREE STREET, N.E.<br>Suite 4700<br>Atlanta, Georgia 30308<br>T:  (404)348-8585<br>F:  (404)467-8845<br>seth.friedman@lewisbrisbois.com<br>christopher.meeks@lewisbrisbois.com | */s/ Christopher C. Meeks*　　　　<br>Christopher C. Meeks<br>Georgia Bar No. 371020<br>Seth M. Friedman<br>Georgia Bar No. 141501<br><br>*Attorneys for Defendant Wesco Insurance Company* |