IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION


| | | |
|---|---|---|
| THE PROVIDENCE GROUP OF GEORGIA, LLC, | ) | **CIVIL ACTION NO.** |
| | ) | |
| | ) | **1:23-cv-02336-TWT** |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| WESCO INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |


**PLAINTIFF'S LEGAL BRIEF IN RESPONSE TO**

**MOTION TO DISMISS FILED BY**

**DEFENDANT WESCO INSURANCE COMPANY**

Plaintiff The Providence Group of Georgia, LLC (TPG) hereby

respectfully submits its Legal Brief in Response to the Motion to Dismiss [ECF

Doc. 10]  filed by Defendant Wesco Insurance Company (Wesco), as follows:

1.    **FACTUAL SUMMARY OF  ACTION**

This Declaratory Judgment action is a "duty to defend" case under a

policy of Commercial General Liability (CGL) insurance issued by Defendant

Wesco premised upon upon claims for property damage made against TPG.[1]

Plaintiff The Providence Group of Georgia, LLC (TPG) is a Limited

Liability Company organized under the laws of the State of Georgia, with its

principal place of business located in Gwinnett County.

For the one-year policy term between January 1, 2016-January 1, 2017,

Wesco issued to TPG a policy of Commercial Liability insurance, designated as

Policy No. WPP1131740 02, which insured TPG as a Home Builder for General

Liability subject to said policy's terms and conditions, up to a policy limit of $3

million per occurrence, and subject to a $10,000 deductible.  At all times

relevant, TPG was the developer and builder of the townhome property located

---

[1]"[A]n insurer's duty to indemnify is not ripe for adjudication in a
declaratory judgment action until the insured is in fact held liable in the
underlying suit." (*Nationwide Mut. Fire Ins. Co. v. Dillard House, Inc.*, 651 F.
Supp. 2d 1367, 1373 (N.D.-GA 2009).)  In this case, the Underlying Action
remains pending and has not yet been adjudicated on its merits.

at 4001 Dunwoody Trace, Dunwoody, Georgia 30338. [ECF Doc. 1-1].

On or about February 24, 2020, suit was filed against TPG by Atlanta Georgetown Retirement Residence, LLC in the Superior Court of the State of Georgia for DeKalb County styled *Atlanta Georgetown Retirement Residence, LLC v. Dunwoody Township Homeowners Association, Inc. et.al*, bearing Case No. 20CV2594, in substance, seeking legal damages from TPG and others for alleged property damage occurring in or about 2016, arising from certain alleged conduct of the named defendants in connection with the development and building of the Dunwoody Trace townhome property. [ECF Doc. 1-2].

Upon being served with Summons and Complaint in said DeKalb County Superior Court action, TPG tendered its defense to Wesco under the terms of the subject policy of CGL insurance. In response to the tender of defense, on or about August 10, 2021, Wesco communicated its denial of TPG's defense based upon the allegations of the subject Complaint and what Wesco asserted was its own investigation. (Cf. Affidavit of Jeffrey D. Diamond, Exhibit 1 to this Response).

As a result of Wesco's denial of TPG's defense in response to the above-identified DeKalb County Superior Court action, TPG was compelled to and has retained private defense counsel to defend and represent its interests in said

3

underlying action. During the course of its defense, TPG has incurred attorney's fees and litigation costs in a sum believed to presently be in an amount of not less than $400,000.

By its Complaint [ECF Doc. 1], Plaintiff seeks a Declaratory Judgment that Wesco owes a duty of defense to TPG in said pending action going forward, as well as reimbursement of defense fees and costs incurred since Wesco's denial of TPG's defense as of August 10, 2021.

2. **DEFENDANT'S MOTION TO DISMISS AND SUMMARY OF TPG'S RESPONSE**

The purported substance of Defendant's Motion to Dismiss is premised upon the asserted applicability of the "Total Pollution Exclusion" contained within the Wesco policy of Commercial General Liability insurance issued to TPG. [ECF Doc. 10-1, Pages 8-12 of 14]. There are no other grounds stated for the Motion to Dismiss, and further, there is no Rule 12(b)(6) challenge to Count II of TPG's Complaint for Breach of Contract.

In response and in opposition to Defendant's Motion to Dismiss:

A. Clearly, the allegations of TPG's Count I of its Complaint for Declaratory Judgment are in compliance with the mandate of 28 U.S.C. §2201 because there exists an actual and justiciable controversy between the parties as

4

to their respective rights and obligations under the contract/policy of insurance issued by Wesco to TPG forming the subject of this action;

B.  In reviewing the Underlying Action also forming the subject of this Declaratory Judgment case [ECF Doc. 1-2], it is evident that Defendant mischaracterizes what is an alleged "construction defect" action as a "pollution" action to seek to inaccurately "fit" Defendant's purported narrative set forth in its Motion to Dismiss;

C.  In fact, in the Complaint filed in the Underlying Action, there is **no** mention of "pollution," "pollutant" or "pollutants" or "sediment" or "environment" or "environmental" or any such related language in the language of the Underlying Action's Complaint;

D.  Further, when denying TPG's tender of its defense of the Underlying Action, Wesco itself didn't view the Underlying Action as a "pollution" case, instead asserting seemingly every policy exclusion to deny TPG a defense in the Underlying Action, but not the Absolute Pollution Exclusion (Exhibit 1);

E.  Under Georgia law, an insurer's duty to defend is determined by comparing the allegations of the complaint with the provisions of the policy;

F.  Further, the burden is on the insurer to prove that a loss or claim comes within an exception to coverage. With respect to an exception to the duty

to defend, under Georgia law, this burden is not carried merely by proving that the allegations of the complaint allege facts excluding the claim from the policy. An insurer seeking to defeat a claim based on a policy exclusion bears the burden of actually proving that the exclusion is applicable; and here,

G. Wesco is asking the Court to rule in its favor on the issues brought before the Court based solely upon the allegations of an unverified Complaint phrased by an unaffiliated third-party, premised only upon the allegations of an Underlying Action over which TPG had no control or authorship, without litigation, without discovery and without the requisite facts being developed or proved in this action upon which the Court can subsequently rule on the issues of Declaratory Relief and Breach of Contract, notwithstanding the fact that the allegations of the Complaint meet the Federal Rules of pleading standards for Declaratory Judgment (and Breach of Contract), as does TPG's Complaint, and

H. Thus, the Motion to Dismiss must be summarily denied.

2. **STANDARDS FOR PLEADING A DECLARATORY JUDGMENT ACTION**

This action has been filed by TPG under the federal Declaratory Judgment Act (28 U.S.C. §2201)[2] as alleged at Paragraphs 3 and 10 of

_____

[2]The Act mandates, "In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such

Plaintiff's Complaint filed in this action. [ECF Doc. 1, Pages 3, 7 of 10].

Under §2201, of which TPG requests that this Court take judicial notice, the threshold question is whether a justiciable controversy exists. *(Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 272, 61 S.Ct. 510, 512, (1941).)  In determining whether an actual controversy exists, the court must analyze "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.  *(Id.* at 312 U.S. 273.)

The allegations of TPG's Complaint for Declaratory Judgment in this action readily establish the existence of an actual controversy between the parties:

"4.

"For the one year policy term between January 1, 2016-January 1, 2017, Wesco issued to TPG a policy of Commercial Liability insurance, designated as Policy No. WPP1131740 02 (the subject policy), which insured TPG as a Home Builder for General Liability subject to said policy's terms and conditions, up to a policy limit of $3 million per

declaration, whether or not further relief is or could be sought."

occurrence, and subject to a $10,000 deductible.  In relevant part, in

consideration for the premium paid by TPG to Wesco in a sum of not less

than $285,000, said insurer promised to defend and indemnify TPG

pursuant to the Liability Insuring Agreement in said policy, which

Insuring Agreement provides, in relevant part, as follows:

"We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply.  We may, at our discretion, investigate any 'occurrence' and settle any claim or 'suit' that may result...."

"A true and correct copy of the Declarations Pages of the subject policy

are attached as Exhibit 1 and fully incorporated herein by reference.

"5.

"At all times relevant, TPG was the developer and builder of the townhome

property located at 4001 Dunwoody Trace, Dunwoody, Georgia 30338.

On or about February 24, 2020, suit was filed against TPG by Atlanta

Georgetown Retirement Residence, LLC in the Superior Court of the

State of Georgia for DeKalb County styled *Atlanta Georgetown*

*Retirement Residence, LLC v. Dunwoody Towneship Homeowners*

*Association, Inc. et.al*, bearing Case No. 20CV2594, in substance,

8

seeking legal damages from TPG and others for alleged property damage occurring in or about 2016, arising from certain alleged conduct of the named defendants in connection with the development and building of the Dunwoody Trace townhome property, occurring within four years prior to the filing of said DeKalb Superior Court action. A true and correct copy of the Complaint filed in said action and served upon TPG is attached as Exhibit 2 (the subject Complaint) and fully incorporated herein by reference for purposes of illustration only, without admitting the truthfulness or asserted merits of said allegations.

"6.

"Upon being served with Summons and Complaint in said DeKalb County Superior Court action, TPG tendered its defense to Wesco under the terms of the subject policy of CGL insurance. In response to the tender of defense, on or about August 10, 2021, Wesco communicated its denial of TPG's defense based upon the allegations of the subject Complaint and what Wesco asserted was its own investigation.

"7.

"As a result of Wesco's denial of TPG's defense in response to the above-identified DeKalb County Superior Court action, TPG was compelled to

and has retained private defense counsel to defend and represent its interests in said action. During the course of its defense, TPG has incurred attorney's fees and litigation costs in a sum to be proved at the time of trial but believed to presently be in an amount of not less than $400,000.

## "COUNT 1-DECLARATORY RELIEF

"8.

"TPG contends that based upon the allegations of the Complaint filed in the subject DeKalb County Superior Court action, as well as the facts asserted to support the underlying Plaintiff's case in that action, under the governing principles of Georgia law regarding a liability insurer's broad duties of defense and the potential that Wesco would owe a duty of indemnity to TPG on one or more theories of recovery alleged in the subject Complaint, Wesco has owed a defense to TPG under the subject policy from the outset of the underlying DeKalb County Superior Court action, and continues to owe a defense going forward to the conclusion of said action.

"9.

"TPG is informed and believes, and based specifically upon Wesco's August 10, 2021 denial of TPG's defense, that Wesco contends that at no time has

Wesco owed a defense to TPG in response to said DeKalb County Superior Court action, including the past, present or future, although to date, there has been no judicial adjudication of Wesco's duty of defense owed to TPG in response to the subject Complaint

"10.

"As a direct result of the opposing contentions of the parties as to Wesco's duty of defense being owed to TPG as alleged immediately above, **an actual controversy has arisen under 28 U.S.C. §2201** and related statutes and Rules of Civil Procedure to warrant this Court's issuance of a Declaratory Judgment determining each of the parties' rights and obligations under the subject policy in response to the aforementioned DeKalb County Superior Court action." (**Boldface** type added.)

It is readily evident from the foregoing allegations of TPG's Complaint that an actual and justiciable controversy between the parties exists:

A.  Whether the claims made against TPG, as set forth in the Complaint filed in the Underlying Action obligated Wesco to defend TPG in the said Action from the outset of that case; and

B.   Whether Wesco is obligated to defend TPG going forward in the Underlying Action because it is still pending in the DeKalb County Superior Court.

TPG has therefore indisputably met the pleading requirements for Declaratory Relief under 28 U.S.C. §2201. The case is now, therefore, subject to proof through litigation, law and motion and/or trial.

### 3. THE UNDERLYING ACTION ALLEGES THE OCCURRENCE OF PROPERTY DAMAGE TO THE PLAINTIFF'S PROPERTY DURING THE EFFECTIVE TERM OF WESCO'S POLICY ISSUED TO TPG

The Underlying Action to this Declaratory Judgment filing was filed February 24, 2020. [ECF Doc. 1-2, Pages 2-9 of 9]. The alleged claims made in the Underlying Action against TPG are those that were tendered to Wesco for defense, but denied. (Exhibit 1 to this Response).

The allegations made against TPG in the Underlying Action can be highlighted, as follows:

A. TPG was the developer of the Dunwoody Towneship townhome complex forming the subject of the Underlying Plaintiff's Complaint [ECF Doc. 1-2, Pages 3-4 of 9, ¶¶8-10];

B. The building of the townhome complex occurred within four years of the filing of the Underlying Complaint, bringing the date or dates of occurrence within Wesco's policy term between January 1, 2016-January 1, 2017 [ECF Doc. 10-2, Page 5 of 110, ¶13]; and

C.  Property damage liability is alleged against TPG [ECF Doc. 1-2, Pages 3-7 of 9, ¶¶14-24, 34-36,].[3]

These highlighted and summarized allegations of the Underlying Complaint clearly establish that a duty to defend was and is owed by Wesco to TPG under the Insurance Agreement of the CGL policy:

> "We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply.  We may, at our discretion, investigate any 'occurrence' and settle any claim or 'suit' that may result...."

4. **COMPENDIUM OF GEORGIA LAW GOVERNING A LIABILITY INSURER'S DUTIES OF DEFENSE AND INDEMNITY**

The general rules of law in Georgia governing a liability insurer's broad duty to defend its insured are summarized, as follows:

---

[3]As so eloquently stated in the seminal California Supreme Court decision addressing a liability insurer's duty to defend, *Gray v. Zurich Insurance Company*, 65 Cal.2d 263, 276, 54 Cal.Rptr. 104 (1966), "To restrict the defense obligation of the insurer to the precise language of the pleading would not only ignore the thrust of the cases but would create an anomaly for the insured....In light of the likely overstatement of the complaint and of the plasticity of modern pleading, **we should hardly designate the third party as the arbiter of the policy's coverage.**"  (**Boldface** type added.)

(1) Where a policy imposes a duty to defend even if the allegations are groundless, false or fraudulent, courts look to the allegations of the complaint "to determine whether a liability covered by the policy *is asserted*." (*Penn-America Ins. Co. v. Disabled American Veterans, Inc.,* 268 Ga. 564, 565, 490 S. E. 2d 374 (1997).

(2) An insurer's duty to defend is broader than its duty to indemnify. *(Shafe v American States Insurance Company,* 288 Ga. App. 315, 653 S.E. 2d 870 (2007).)

(3) An insurer's duty to defend is determined by comparing the allegations of the complaint with the provisions of the policy. *(Nationwide Mut. Fire Ins. Co. v. Somers,* 264 Ga. App. 421, 591 S.E. 2d 430 (2003).)

(4) "An insurer's duty to defend and its duty to indemnify are separate and independent obligations." (*City of Atlanta  v. St. Paul Fire and Marine Insurance Company,* 231 Ga. App. 206, 209, 498 S. E. 2d 782 (1997).

(5) An insurer is obligated to defend even where the allegations of the complaint against the insured are ambiguous or incomplete with respect to the issue of insurance coverage. **To excuse the duty to defend, the petition must unambiguously exclude coverage under the policy, and thus, the duty to defend exists if the claim potentially comes**

**within the policy**. **Where the claim is one of potential coverage, doubt as to liability and insurer's duty to defend should be resolved in favor of the insured.** (*Penn-America Ins. Co. v. Disabled American Veterans, Inc., supra*, at 268 Ga. at 565-566; **boldface** type added.)

(6)  An insurer has a "duty to defend its insured against all claims covered under a policy, even those that are groundless, false, or fraudulent." (*Southern Guaranty Ins. Co. v. Dowse*, 278 Ga. 674, 676, 605 S.E.2d 27 (2004).)

(7)  The burden is on the insurer to show that a loss or claim comes within an exception to coverage. With respect to an exception to the duty to defend, this burden is not carried merely by proving that the allegations of the complaint allege facts excluding the claim from the policy. (*Loftin v United States Fire Insurance Company*, 106 Ga. App. 287, 127 S.E.2d 53 (1962).)

(8)  **[A]n insurer seeking to defeat a claim based on a policy exclusion has the burden of proving that the exclusion is applicable, and the absence of evidence does not prove the exclusion applies**." (*Hathaway Dev. Co. v. Am. Empire Surplus Lines Ins. Co*., 301 Ga.App. 65, 70(3), 686 S.E.2d 855 (2009); **boldface** type added.)

In its pending Motion to Dismiss, Wesco urges this Court to enable said insurer to bypass the "proof" requirement for the applicability of the asserted policy exclusion known as the "Absolute Pollution Exclusion." This is despite the fact that, as noted above:

A.   Prior to the filing of its Motion to Dismiss, Wesco has never previously asserted any so-called "Absolute Pollution Exclusion" as a basis for deny TPG's defense in the Underlying Action; and

B.   The allegations of the Complaint filed in the Underlying Action nowhere include the terms "pollution," "pollutant,""environment," "environmental," or similar.  Further,  there are no allegations of silt or sediment (typically moved by storm water) being deposited into any body of water.

Thus, the Underlying Action is  distinguished from the decision in *Lake Hill Home Owners* [ECF Doc. 10-3].  Further, in the other legal authorities cited in the Moving Papers by Wesco, the cited cases all involve some "pollutant" in the storm water (e.g., chicken farm waste, silt, sediment, etc.). Here, no such claim has been made in the Underlying Action in this case.  This is because the Underlying Action is a **construction defect case** involving storm water, **not an environmental**

**case where storm water is conveying any "pollutant."**

While Wesco may not be precluded from asserting any potentially applicable policy exclusion as a defense in this "duty to defend" Declaratory Judgment (and Breach of Contract) case, whether meritorious or not, under Georgia law, Wesco still bears the burden of proof to establish the applicability of any asserted exclusion.

Stated more simply, merely stating that an exclusion applies, without any factual basis or proof, cannot justifiably form the basis for a dismissal of an otherwise properly pleaded Declaratory Judgment action under 28 U.S.C. §2201, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

## 5. CONCLUSION

Wesco's Motion to Dismiss must be denied. In its Declaratory Judgment Complaint, as illustrated above, TPG has met the pleading standards required by 28 U.S.C. §2201 in alleging the existence of an actual and justiciable controversy between the parties.

The Underlying Action alleges the occurrence of "property damage" during the effective term of the Wesco CGL policy issued to TPG. Under the broad "duty to defend" authority in Georgia, based upon

17

the pleadings alone in the Underlying Action, Wesco owed from the outset, and continues to owe a defense to TPG.

While, obviously, Wesco may assert whatever defenses are permitted to TPG's action for Declaratory Judgment and Breach of Contract, the burden is upon said Defendant insurer to prove the applicability of any policy exclusion to TPG's liability claim. Merely asserting the applicability of a policy exclusion, with no factual proof, and especially where Wesco has never previously communicated the application of any type of "Pollution" exclusion, cannot and should not form the basis for a Motion to Dismiss an action before it has been litigated on its merits.

This Honorable Court is therefore respectfully requested and urged to deny Defendant Wesco's Motion to Dismiss to enable the parties to proceed with litigation on the merits of this case.

This 4th day of August 2023.

Respectfully submitted,

/s/ Jeffrey D. Diamond

Jeffrey D. Diamond
Georgia State Bar No. 599994
Attorney for Plaintiff The
Providence Group of Georgia, LLC

Jeffrey D. Diamond
Law Offices of Jeffrey D. Diamond
115 Perimeter Center Place
South Terraces, Suite 425
Atlanta, Georgia 30346
(770) 407-7303 (Telephone)
(770) 407-7310 (Fax)
jdiamond@diamlaw.com

**CERTIFICATE OF COMPLIANCE WITH L.R. 5.1C**

**PLAINTIFF'S LEGAL BRIEF IN RESPONSE TO MOTION TO DISMISS FILED BY DEFENDANT WESCO INSURANCE COMPANY** is in Times New Roman, 14 point, in compliance with Local Rule 5.1C.

This 4th day of August 2023.

/s/ *Jeffrey D. Diamond*
Jeffrey D. Diamond
Georgia Bar No. 599994
Attorney for Plaintiff The Providence
Group of Georgia, LLC

Jeffrey D. Diamond
Law Offices of Jeffrey D. Diamond
115 Perimeter Center Place
South Terraces, Suite 425
Atlanta, Georgia 30346
(770) 407-7303 (Telephone)
(770) 407-7310 (Fax)
jdiamond@diamlaw.com

## CERTIFICATE OF SERVICE

The foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Seth M. Friedman, Esq.
Christopher C. Meeks, Esq.
Lewis Brisbois Bisgaard & Smith LLP
600 Peachtree Street NE, Suite 4700
Atlanta, Georgia 30308

Attorneys for Defendant Wesco Insurance Company

This 4th day of August 2023.

Respectfully submitted,

*/s/ Jeffrey D. Diamond*

Jeffrey D. Diamond
Georgia Bar No. 599994
Attorney for Plaintiff The Providence
Group of Georgia, LLC

Jeffrey D. Diamond
Law Offices of Jeffrey D. Diamond
115 Perimeter Center Place
South Terraces, Suite 425
Atlanta, Georgia 30346
(770) 407-7303 (Telephone)
(770) 407-7310 (Fax)
jdiamond@diamlaw.com