IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THE PROVIDENCE GROUP OF
GEORGIA, LLC,

    Plaintiff,

    v().

WESCO INSURANCE COMPANY,

    Defendant.

CIVIL ACTION FILE
NO. 1:23-CV-2336-TWT

## OPINION AND ORDER

This is a declaratory judgment action. It is before the Court on the Defendant's Motion to Dismiss [Doc. 10]. For the reasons set forth below, the Defendant's Motion to Dismiss [Doc. 10] is GRANTED.

### I. Background[1]

This case arises from a coverage dispute over a homebuilder liability insurance policy (the "Policy") that the Defendant Wesco Insurance Company issued to the Plaintiff The Providence Group of Georgia, LLC ("TPG") for its construction of a townhome property in Dunwoody in 2016. (Compl. ¶¶ 4–5). The Policy included a duty to defend the insured against any suit seeking compensation for property damage. (*Id.* ¶ 4). In February of 2020, a property owner adjacent to the Dunwoody townhomes filed a lawsuit against TPG and

---

[1] The Court accepts the facts as alleged in the Complaint as true for purposes of the present Motion to Dismiss. *Wildling v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

others in DeKalb County Superior Court for damage to commercial property (the "Underlying Lawsuit"). (*Id.* ¶ 5). The DeKalb complaint alleged that TPG's construction work resulted in the redirection and concentration of storm water onto the property of the adjacent owner, causing flooding. (Doc. 1-2 ¶¶ 13–21). After TPG tendered the Underlying Lawsuit to Wesco, it denied coverage and declined to defend TPG in the action. (Compl. ¶ 6). On May 25, 2023, TPG filed the present suit, seeking declaratory relief and claiming breach of contract. Wesco now moves to dismiss the Complaint for failure to state a claim, arguing that a pollution exclusion provision under the Policy bars its duty to defend TPG in the Underlying Lawsuit.

## II.   Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir.

1983); *see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

### III. Discussion

The Defendant contends that the Policy's pollution exclusion provision bars its duty to defend the Underlying Lawsuit and therefore that the Plaintiff's claims should be dismissed. (Br. in Supp. of Def.'s Mot. to Dismiss, at 1). Specifically, the Defendant argues that water runoff constitutes a pollutant under Georgia law, which thereby precludes its duty to defend the Plaintiff in the Underlying Lawsuit for the alleged property damage.

The Policy excludes from coverage "'property damage' which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time," defining pollutants as "any solid [or] liquid . . . irritant or contaminant." (Doc. 10-2, at 27). And the Underlying Lawsuit alleges that TPG's townhome construction has resulted in the redirection of storm water runoff onto the

3

aggrieved party's property. (Doc. 1-2 ¶¶ 14–16). The question here, then, is whether the Policy's pollution exclusion precludes the Defendant's duty to defend the Plaintiff in the Underlying Lawsuit for its alleged damage to property from the storm water runoff.

"An insurer's duty to defend turns on the language of the insurance contract and the allegations of the complaint asserted against the insured." *Nat'l Cas. Co. v. Pickens*, 582 F. App'x 839, 841 (11th Cir. 2014) (quoting *City of Atlanta v. St. Paul Fire & Marine Ins. Co.*, 231 Ga. App. 206, 207 (1998)).

> In determining whether events giving rise to underlying litigation are expressly excluded under an insurance policy, the Court first looks to the text of the policy itself. Where the contractual language unambiguously governs the factual scenario before the court, the court's job is simply to apply the terms of the contract as written, regardless of whether doing so benefits the carrier or the insured. . . . In the case of a pollution exclusion, the policy does not have to explicitly name the pollutant for it to be excluded.

*Centro Dev. Corp. v. Cent. Mut. Ins. Co.*, 2017 WL 3449580, at *3 (N.D. Ga. July 10, 2017), *aff'd*, 720 F. App'x 1004 (11th Cir. 2018) (citations omitted).

The Eleventh Circuit has held "that storm water qualifies as a pollutant" under policy language remarkably similar to the language at issue in this case. *Centro Dev.*, 720 F. App'x at 1005 (citing *Owners Ins. Co. v. Lake Hills*, 57 F. App'x 415 (11th Cir. 2002)). And the Plaintiff offers no meaningful distinction that would preclude the applicability of *Centro Dev.* to the present case. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 16–17). Accordingly, the Court concludes that the Policy's pollution exclusion unambiguously bars the

4

Defendant's duty to defend the Underlying Lawsuit and that dismissal is proper as to the Plaintiff's declaratory judgment and breach of contract claims.

The Plaintiff suggests that the Defendant's failure to reference the pollution exclusion in its denial of coverage letter should bar its reliance on the provision here. (*Id.* at 5, 16). But as the Eleventh Circuit has recently reaffirmed, "coverage defenses" such as the pollution exclusion provision are not waivable rights. *Century Cmtys. of Ga., LLC v. Selective Way Ins. Co.*, 2023 WL 2237303, at *3–4 (11th Cir. Feb. 27, 2023). Thus, the Defendant need not have asserted its pollution exclusion defense in its coverage denial letter to rely on it here.

The Plaintiff also claims that the Defendant offers no grounds for dismissal of its breach of contract claim. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 4). But the Court agrees that the Defendant's opening brief in support of its motion contemplates dismissal of the breach of contract claim. (Reply Br. in Supp. of Def.'s Mot. to Dismiss, at 11). The Defendant cannot have plausibly breached its obligations under the Policy by declining to defend the Underlying Lawsuit when the Policy excluded property damages caused by pollutants from coverage. (Compl. ¶¶ 12–13). Therefore, the Plaintiff fails to state a claim for breach of contract, in addition to its failure to state a claim for declaratory relief of a duty to defend in the Underlying Lawsuit.

## IV.   Conclusion

For the foregoing reasons, the Defendant's Motion to Dismiss [Doc. 10] is GRANTED.

SO ORDERED, this   26th   day of September, 2023.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
United States District Judge